IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:06-cr-262 |
| v. | : Judge Holschuh |
| OLUWAJUWON OGUNYEMI and MOIRA DAWSON-WILLIAMS, | : |
| Defendants. | : |
| | : |

## MEMORANDUM OPINION & ORDER

This matter is currently before the Court on five pending motions: (1) Defendants' motions to dismiss the Information for violations of the Speedy Trial Act (Record at 29, 30); (2) Defendant Ogunyemi's motion for release from custody (Record at 31); (3) Attorney Ermel Luckett's motion to withdraw as counsel for Mr. Ogunyemi (Record at 36); and (4) Defendant Ogunyemi's motion for an extension of time to file a reply in support of his motion to dismiss (Record at 37).

On June 27, 2006, a criminal complaint was filed, charging Defendants Oluwajuwon Ogunyemi and Moira Dawson-Williams with possession with intent to distribute over one kilogram of heroin. After being arrested, Defendant Ogunyemi was ordered detained pending trial; Defendant Dawson-Williams was released on bond. Thereafter, four Agreed Orders were filed, each extending the deadline for the filing of an Information or Indictment. These Agreed Orders were filed at Defendants' request, as Dawson-Williams was experiencing complications from her pregnancy and wanted to deliver her baby prior to facing criminal charges. The final Agreed Order, filed on October 25, 2006, set a deadline of November 15, 2006 for filing an

Information or Indictment.  The Information, however, was not filed until November 24, 2006.  Both Defendants subsequently signed plea agreements, and arraignments on the Information were set for December 6, 2006.

In preparing for that hearing, the Court discovered potential Speedy Trial Act violations and brought them to the attention of the parties.  The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connections with such charges."  18 U.S.C. § 3161(b).

Certain time periods are excludable from that thirty-day period.  The Court may exclude any period of delay resulting from a continuance granted at the request of the parties, "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  In this case, because the magistrate judges who signed the four Agreed Orders made no such findings, the extensions of time are not excludable.  See Greenup v. United States, 401 F.3d 758, 764 (6th Cir. 2005), cert. denied, 126 S.Ct. 1104 (2006).  The delay in filing the Information therefore constitutes a violation of the Speedy Trial Act.

As counsel for Dawson-Williams points out, Sixth Circuit case law suggests that because the extensions of time were given at Defendants' request and for Defendants' benefit, the Court's failure to make the contemporaneous "ends of justice" finding  may not be fatal for purposes of the Speedy Trial Act.  See United States v. Dunbar, 357 F.3d 582 (6th Cir. 2004), vacated on other grounds, 543 U.S. 1099 (2005).  That case, however, is factually distinguishable because the parties had entered into a written stipulation that the ends of justice would be served by the

2

requested continuance. Here, no such stipulation exists. Moreover, the Sixth Circuit stated that its holding in Dunbar was based on the facts of that particular case. It emphasized, "we are not holding that delay may be excluded in the absence of any contemporaneous findings justifying an ends-of-justice continuance." Id. at 597.

In addition to the fact that the Agreed Orders contained no "ends of justice" findings, they also suffered from other flaws. For example, the Agreed Order filed on August 31, 2006 was filed six days after the preceding deadline of August 25, 2006, and the Agreed Order filed September 28, 2006 was filed three days after the preceding deadline of September 25, 2006. More importantly, the final Agreed Order, filed on October 25, 2006, established a November 15, 2006 deadline for filing an Information or Indictment. The parties all agree that this was a typographical error. The parties had agreed to another 30-day extension and the deadline should have been November 25, 2006. In any event, the Information was not filed until November 24, 2006, nine days after the deadline set in the final Agreed Order.

Because the Information was not filed within the time limit required by 18 U.S.C. § 3161(b), as lawfully extended by 18 U.S.C. § 3161(h), Defendants' Speedy Trial rights have been violated. The sanction for this violation is set forth in 18 U.S.C. § 3162(a)(1), which requires that the charges against Defendants be "dismissed or otherwise dropped." The Court therefore grants Defendants' motions to dismiss the Information.[1]

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts

---

[1] Defendant Ogunyemi's motion for an extension of time to file a reply in support of his motion to dismiss is now moot.

and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). In assessing these factors, the Court concludes that the case should be dismissed without prejudice. Defendants are charged with a serious drug offense, possession with intent to distribute more than one kilogram of heroin. Defendants were the ones that requested the extensions of time for filing the Information, and the Government agreed to accommodate them. In addition, the parties agree that the final deadline established by the October 25, 2006 Agreed Order contained a typographical error, and that the Information was actually filed within the time period verbally agreed upon by the parties. Finally, Defendants will suffer no prejudice if the Information is dismissed without prejudice to refiling. At the time the Speedy Trial violations were brought to the attention of the parties, both defendants had already entered into plea agreements and were ready to move forward with their arraignments. Under these circumstances, equity requires that the Court dismiss the Information without prejudice.

Because no criminal charges remain pending, the Court also grants Defendant Ogunyemi's motion for release from custody.

Attorney Ermel Luckett has filed a motion to withdraw as counsel for Defendant Ogunyemi, citing a possible conflict of interest. In the Court's view, because no criminal charges remain pending against his client, that motion is now moot. Should the Government choose to re-file charges, the magistrate judge can determine whether a different attorney should be appointed to represent Mr. Ogunyemi.

In summary, the Court concludes that Defendants' Speedy Trial rights have been violated. The Court therefore **GRANTS** Defendants' motions to dismiss the Information

(Record at 29, 30), but dismisses the case **WITHOUT PREJUDICE**.  The Court also **GRANTS** Defendant Ogunyemi's motion for release from custody (Record at 31).  The Court **DENIES AS MOOT** Attorney Ermel Luckett's motion to withdraw as counsel (Record at 36) and Defendant Ogunyemi's motion for an extension of time to file a reply brief (Record at 37).

**IT IS SO ORDERED.**


Date: January 16, 2007                                      **/s/ John D. Holschuh**
                                                            John D. Holschuh, Judge
                                                            United States District Court